**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Plaintiff Gregory Messer, as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
David A. Blansky, Esq.
Wendy J. Rothstein, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
In re:

ZAHMEL RESTAURANT SUPPLIES CORP.,

          Debtor.
----------------------------------------------------------------------x
GREGORY MESSER, ESQ., AS THE CHAPTER 7
TRUSTEE OF THE BANKRUPTCY ESTATE OF
ZAHMEL RESTAURANT SUPPLIES CORP.,

          Plaintiff,

    -against-

Z-KOSHER SUPPLY CORP., DBA OTZAR FOODS,

          Defendant.
----------------------------------------------------------------------x

Chapter 7
Case No. 18-43312 (CEC)

Adv. Pro. No.     (CEC)

## **COMPLAINT**

Gregory Messer, as Chapter 7 Trustee (the "Trustee" or "Plaintiff") of Zahmel Restaurant Supplies Corp. (the "Debtor"), in support of this complaint to avoid and recover pre-petition transfers made by the Debtor to Defendant Z-Kosher Supply Corp. dba Otzar Foods (the "Defendant") and to disallow any claims held by Defendant against the Debtor or its estate pending the return of the transfers, hereby alleges as follows:

1

## NATURE OF THE CASE

1. This adversary proceeding (the "Adversary Proceeding") is commenced pursuant to Sections 502, 544, and 550 of Title 11 of the United States Code (the "Bankruptcy Code") to avoid and recover transfers made by the Debtor to, or for the benefit of, Defendant or monies owed by Defendant.

2. In addition, Plaintiff seeks to disallow, pursuant to Sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtor or its estate, or that has been scheduled by the Debtor for Defendant, until such time as the transfers have been recovered by Plaintiff.

3. Plaintiff does not waive and hereby reserves all of his rights to object to any such claim(s) for any reason in other proceedings in the Bankruptcy Case (defined below), including, but not limited to, any reason set forth in Sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

4. This is a core proceeding under 28 U.S.C. §§ 157 and 1334, and Rules 7001 and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. United States Bankruptcy Court for the Eastern District of New York (the "Court") has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.

6. This Court is the proper venue for this proceeding in accordance with 28 U.S.C. § 1409(a).

7. The statutory predicates for the relief sought herein include Sections 105, 323, 502, 541, 542, 544, and 550 of Title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 6009 and 7001, Sections 273, 274, 275, 276, and 276-a of New York Debtor and Creditor Law (the "DCL"), New York common law and any common law, rule, regulation

and/or any applicable law of any other jurisdiction in which assets that are property of the estate currently unknown to Plaintiff are located.

8. The Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (E), (H), and (O).

9. Pursuant to Bankruptcy Rule 7008, Plaintiff consents to the entry of final orders and judgments by the Court presiding over this adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## PARTIES AND PROCEDURAL HISTORY

10. On June 5, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for reorganization pursuant to Chapter 11 in this Court.

11. Before the Filing Date, the Debtor was a restaurant supply distributor.

12. By Order of the Court dated April 24, 2019, the Debtor's bankruptcy case was converted to one under Chapter 7 of the Bankruptcy Code.

13. By Notice of Appointment dated April 24, 2019, Gregory Messer was appointed as the Chapter 7 Trustee of the Debtor's estate, has duly qualified and is the permanent Trustee of the Debtor's estate.

14. At all times relevant, Defendant was a domestic business corporation doing business in the State of New York.

15. Upon information and belief, at all times relevant, Defendant and the Debtor were owned by the same shareholders and had the same officers.

16. Defendant is an insider of the Debtor within the meaning of Section 101(31) of the Bankruptcy Code.

17. Alternatively, Defendant is a non-statutory insider of the Debtor.

## THE AVOIDABLE TRANSFERS

18. During the six-year period preceding the Petition Date, Defendant was the recipient of transfers from the Debtor totaling no less than $78,052.61 paid from the Debtor's Signature Bank accounts (the "Transfers"). The dates and amounts of each of the Transfers are as follows:

| Transfer Date | Amount | Acct. # |
|---|---|---|
| 3/25/2014 | $14,500.00 | 4542 |
| 4/3/2014 | $5,600.00 | 4542 |
| 2/3/2015 | $500.00 | 4542 |
| 3/4/2014 | $14,000.00 | 4631 |
| 5/19/2014 | $538.35 | 4631 |
| 10/21/2014 | $100.00 | 4631 |
| 12/15/2014 | $1,410.00 | 4631 |
| 2/19/2014 | $25,000.00 | 6463 |
| 3/13/2014 | $15,000.00 | 6463 |
| 5/14/2014 | $742.61 | 4542 |
| 5/19/2014 | $661.65 | 4542 |
| | **$78,052.61** | |

19. The Debtor was insolvent, or rendered insolvent, at the time of the Transfers.

20. At the time of each of the Transfers, the Debtor owed money to one or more unsecured creditors to whom it still owed a debt on the Petition Date.

21. Defendant has failed to turn over any part of the Transfers or the value thereof to Plaintiff.

## RESERVATION OF RIGHTS

22. Plaintiff's investigation is ongoing and Plaintiff reserves the right to: (a) supplement the information regarding any pre- and post-petition transfers made to, or for the benefit of, Defendant by the Debtor; (b) any debt owed by Defendant to the Debtor; and (c) seek recovery of such additional transfers.

23. To the extent that any of the avoidance and/or recovery claims may be inconsistent with each other, they are to be treated as being plead in the alternative.

### FIRST CLAIM FOR RELIEF
### (Property of the Estate under 11 U.S.C. §§ 541 and 542)

24. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "23" as if set forth fully herein.

25. The Debtor has a legal and equitable interest in the Transfers.

26. The Debtor's legal and equitable interest in the Transfers is property of the Debtor's estate.

27. Defendant had no right or entitlement to the Transfers or the benefit thereof.

28. By reason of the foregoing, and in accordance with Sections 541 and 542 of the Bankruptcy Code, Plaintiff is entitled to the entry of an order and judgment directing Defendant to turn over any and all property of the Debtor's estate including, but not limited to, the Transfers in an amount as yet undetermined, but in no event believed to be less than $78,052.61, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

### SECOND CLAIM FOR RELIEF
### (Fraudulent Transfer under DCL)

29. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "28" as if set forth fully herein.

30. At the time of the Transfers, the Debtor was insolvent or was thereafter rendered insolvent.

31. Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfers.

32. The Transfers constitute fraudulent transfers in violation of Section 273 of the DCL.

33. Under Sections 544(b) and 550 of the Bankruptcy Code, and Section 273 of the DCL, Plaintiff may avoid the Transfers.

34. By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfers pursuant to Section 273 of the DCL and judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $78,052.61, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

### THIRD CLAIM FOR RELIEF
#### (Fraudulent Transfer under DCL)

35. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "34" as if set forth fully herein.

36. At the time of the Transfers, the Debtor was engaged in or was about to engage in a business or transaction for which the property remaining in its hands after the Transfers was an unreasonably small capital.

37. Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfers.

38. The Transfers constitute fraudulent transfers in violation of Section 274 of the DCL.

39. Under Sections 544(b) and 550 of the Bankruptcy Code, and Section 274 of the DCL, Plaintiff may avoid the Transfers.

40. By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfers pursuant to Section 274 of the DCL and judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $78,052.61, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## FOURTH CLAIM FOR RELIEF
### (Fraudulent Transfer under DCL)

41. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "40" as if set forth fully herein.

42. At the time of the Transfers, the Debtor intended or believed that it would incur debts beyond its ability to pay as they matured.

43. Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfers.

44. The Transfers constitute fraudulent transfers in violation of Section 275 of the DCL.

45. Under Sections 544(b) and 550 of the Bankruptcy Code, and Section 275 of the DCL, Plaintiff may avoid the Transfers.

46. By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfers pursuant to Section 275 of the DCL and judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $78,052.61, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## FIFTH CLAIM FOR RELIEF
### (Fraudulent Transfer under DCL)

47. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "46" as if set forth fully herein.

48. The Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor in violation of Section 276 of the DCL.

49. Under Sections 544(b) and 550 of the Bankruptcy Code, and Section 276 of the DCL, Plaintiff may avoid the Transfers.

50. By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfers pursuant to Section 276 of the DCL and judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $78,052.61, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## SIXTH CLAIM FOR RELIEF
**(Attorneys' Fees under DCL)**

51. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "50" as if set forth fully herein.

52. The Transfers were made by the Debtor and received by Defendant with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

53. The Transfers were received by Defendant with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

54. The Transfers constitute fraudulent transfers of the Debtor's assets in violation of Section 276-a of the DCL.

55. By reason of the foregoing, Plaintiff is entitled to a judgment against Defendant, under Section 276-a of the DCL, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action.

## SEVENTH CLAIM FOR RELIEF
**(Unjust Enrichment under New York law)**

56. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "55" as if set forth fully herein.

57. Defendant was enriched as a result of the Transfers.

58. The enrichment of Defendant was at the expense of the Debtor.

59. The circumstances relating to the Transfers are such that equity and good conscience require Defendant to compensate the Debtor's estate.

60. By reason of the foregoing, Plaintiff is entitled to an order and judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $78,052.61, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## **EIGHTH CLAIM FOR RELIEF**
### (Disallowance of Claims under 11 U.S.C. §§ 502(d) and (j))

61. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "60" as if set forth fully herein.

62. Defendant is the transferee of ttransfers avoidable pursuant to Sections 544 of the Bankruptcy Code, which property is recoverable under Section 550 of the Bankruptcy Code.

63. Defendant has not paid the value of the Transfers or turned over such property for which it is liable under Section 550 of the Bankruptcy Code to Plaintiff.

64. Pursuant to Section 502(d) of the Bankruptcy Code, any and all claims of Defendant against the Debtor, including any and all claims assigned by Defendant, must be disallowed until such time as Defendant pays Plaintiff an amount as yet undetermined, but in no event believed to be less than $78,052.61, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

65. Pursuant to Section 502(j) of the Bankruptcy Code, any and all previously allowed claims of Defendant against the Debtor, including any and all claims assigned by Defendant, must be reconsidered and disallowed until such time as Defendant pays to the Plaintiff an amount as yet undetermined, but in no event believed to be less than $78,052.61, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

**WHEREFORE**, Plaintiff demands judgment on his claims for relief against Defendant as follows:

  i. on his First Claim For Relief, an order and judgment directing the Defendant to turn over any and all property of the Debtor's estate including, but not limited to, the Transfers in an amount as yet undetermined, but in no event believed to be less than $78,052.61, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court;

  ii. on his Second Claim For Relief, an order avoiding the Transfers pursuant to Section 273 of the DCL and judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $78,052.61, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court;

  iii. on his Third Claim For Relief, an order avoiding the Transfers pursuant to Section 274 of the DCL and judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $78,052.61, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court;

  iv. on his Fourth Claim For Relief, an order avoiding the Transfers pursuant to Section 275 of the DCL and judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $78,052.61, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court;

  v. on his Fifth Claim For Relief, an order avoiding the Transfers pursuant to Section 276 of the DCL and judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $78,052.61, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court;

  vi. on his Sixth Claim For Relief, a judgment against Defendant, under Section 276-a of the DCL, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action;

  vii. on his Seventh Claim For Relief, a judgment against Defendant, pursuant to Section 549 of the Bankruptcy Code, in an amount as yet undetermined, but in no event believed to be less than $78,052.61, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court;

  viii. on his Eighth Claim For Relief, disallowing any claims filed or otherwise held by Defendant against the Debtor's estate until Defendant pays to Plaintiff or turns over to Plaintiff property for which it is liable pursuant to Sections 502(d) and (j) of the Bankruptcy Code; and

  ix. for all costs, disbursements and expenses, including attorneys' fees, in connection with this action, together with such other, further and different relief as this Court may deem just and proper.

Dated: June 3, 2020
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Gregory M. Messer, solely as Chapter 7 Trustee
of Zahmel Restaurant Supplies Corp.

By: *s/ David A. Blansky*
David A. Blansky, Esq.
A Partner of the Firm
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500

*m:\documents\company\cases\zahmel restaurant supply\avoidance actions\z-kosher\complaint - z-kosher.doc*